UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **5:21-cv-01611-JWH-ACCV** | Date: | August 25, 2026 |
| Title: | ***Caroline Villasanti v. County of Riverside*** | | |

| | |
|---|---|
| Present: The Honorable | Angela C. C. Viramontes, United States Magistrate Judge |

| | |
|---|---|
| D. Castellanos | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings (IN CHAMBERS):** **ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT ISSUE**

## I. BACKGROUND

The Court has held multiple discovery-related status conferences regarding the production of documents in this case.

At the August 14, 2026 status conference, the Court set an in-person hearing for August 24, 2026. (Dkts. 151; 152.) The Court established guidelines regarding discovery to be brought to the hearing. (Dkt. 151.) The Court ordered that Defendants must bring IT personnel knowledgeable about the ESI for all of the documents the County will bring to the discovery conference and that Defendants must bring the County employees most knowledgeable about the discovery in this matter. (*Id.*) Defendants were also required to bring documents in their possession, custody, and control that they had not produced yet. (*Id.*)

On August 24, 2026, Defendants' IT personnel and person/s most knowledgeable about discovery did not appear as ordered by the Court. (Dkt. 154.) Defendants did not bring documents in their possession, custody, and control that they had not produced yet. (*Id.*) The Court ordered a recess so Defendants' IT personnel and person/s most knowledgeable about discovery could attend the hearing. (*Id.*) The individual who subsequently appeared was not IT personnel, not knowledgeable about the ESI for all of the documents the County was supposed to bring to the discovery conference, and was not a County employee most knowledgeable about the discovery in this matter. (*Id.*) The Court then gave the Defendants a second opportunity to have the appropriate employees appear at the hearing, and Defendants chose not to send anyone else to the hearing.

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure provide that the underlying purpose of the rules is to secure the just, speedy, and inexpensive determination" of an action. Fed. R. Civ. P. 1. To effectuate this purpose, the rules provide for sanctions against parties that fail to comply with court orders or that unnecessarily multiply the proceedings. *See, e.g.*, Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(b). Rule 16(f) authorizes the Court to issue any just order if a party or attorney fails to obey a scheduling or other pretrial order.

The Court also possesses inherent authority to impose sanctions to manage its own affairs so as to achieve the orderly and expeditious disposition of cases. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991). The Court's inherent power is that which is necessary to the exercise of all others, including to protect the due and orderly administration of justice and maintain the authority and dignity of the Court. *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764, 100 S. Ct. 2455, 65 L. Ed. 2d 488 (1980). In order to coerce a defendant to comply with the Court's orders, the Court may issue sanctions for every day the defendant fails to respond to the Court's orders to show cause. *See Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1110 (9th Cir. 2005) (discussing court's authority to impose civil sanctions "intended to be remedial by coercing the defendant to do what he had refused to do.").

Under "Federal Rule of Civil Procedure 37(b), a district court may impose sanctions, including default, for failing to comply with a court order." *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 786 (9th Cir. 2011) (quoting Fed. R. Civ. P. 37(b), which provides in relevant part, "If a party . . . fails to obey an order to provide or

permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders.").

Similarly, the Local Rules of the Central District of California provide that "[t]he violation of or failure to conform to any of these Local Rules may subject the offending party or counsel to: (a) monetary sanctions, if the Court finds that the conduct was willful, grossly negligent, or reckless; (b) the imposition of costs and attorneys' fees to opposing counsel, if the Court finds that the conduct rises to the level of bad faith and/or a willful disobedience of a court order; and/or (c) for any of the conduct specified in (a) and (b) above, such other sanctions as the Court may deem appropriate under the circumstances." C.D. Cal. L.R. 83-7.

## III. DISCUSSION

On August 14, 2026, the Court ordered that Defendants must bring IT personnel knowledgeable about the ESI for all of the documents the County will bring to the discovery conference and that Defendants must bring the County employee/s most knowledgeable about the discovery in this matter to the scheduled in-person hearing on August 24, 2026. (Dkts. 151; 152.) Defendants failed to comply with the Court order as IT personnel and person/s most knowledgeable about discovery did not appear as ordered by the Court. (Dkt. 154.) Even when provided with two additional opportunities to comply, neither IT personnel nor person/s most knowledgeable about the discovery appeared as ordered by the Court. (*Id.*) Defendants further failed to comply with the Court's order by failing to bring documents in their possession, custody, and control that they had not produced yet.

Therefore, Defendants are **ORDERED TO SHOW CAUSE** no later than September 1, 2026, **why sanctions in the amount of $10,000 should not issue**, in addition to the imposition of costs and attorneys' fees to opposing counsel, for Defendants' failure to comply with Court orders and the applicable Federal Rules of Civil Procedure and Local Rules.

No later than September 1, 2026, Plaintiff's counsel is ordered to submit a declaration to the Court regarding how many hours Plaintiff's counsel has worked on the discovery disputes at issue, including any costs Plaintiff's counsel incurred to attend the August 24, 2026 in-person hearing.

**IT IS SO ORDERED.**